## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CALLIDUS CAPITAL
CORPORATION,

Case No. 2:14-cv-10484-RHC-MJH

     Plaintiff,

v.

Hon. Robert H. Cleland
Magistrate Judge: Michael J. Hluchaniuk

CHRYSLER GROUP LLC,

     Defendant.

_____/

## STIPULATED PROTECTIVE ORDER

This matter is before the Court upon the stipulations of the parties, as evidenced by the signatures of counsel below; and the Court being fully advised in the premises;

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1. This stipulated protective order governs the use of documents, depositions, deposition exhibits, responses to interrogatories and requests for admission, information contained in them, and any other information produced in connection with discovery in this action by a party to this action or by a non-party (hereafter, "Discovery Material").

2. "Confidential Information" as used herein means any Discovery Material of any type, kind or character which is designated as "Confidential," in the manner provided below, by any of the supplying or receiving parties to this litigation,

provided, however, a party may designate as "Confidential" only information that it believes in good faith constitutes trade secrets or other confidential research, development, or commercial information of the designating party or an affiliate of the designating party, and nothing is entitled to confidential treatment under this Order to the extent it is contained in a publicly-available source or to the extent it has already been disclosed, by the party (or an affiliate thereof) to which it pertains, to any third person(s) without a protective order or signed confidentiality agreement preventing its dissemination.

3.   A party may designate Discovery Material as "Confidential" by the following methods:

(a) *For such material in document form*, by marking or stamping "Confidential" on each page containing such material prior to production, provided however that:

(i) for material that cannot be stamped on each page as a practical matter, such as audio or  videos recordings or the like, the designation may be made in writing concurrently with the production and must unequivocally identify the specific material to which it applies such that receiving parties can readily discern what has been designated;

(ii) if a party produces documents or things for inspection, no marking need be made in advance of the initial inspection and all documents and things will be treated for purposes of the initial inspection as if they had been designated "Confidential." Once the inspecting party has selected specified documents for copying, the producing party shall be obliged to mark or stamp "Confidential" on

each page of such documents as may contain protected subject matter before the copies are produced; and

(iii) for material to be produced by a non-party, by producing the entire set of documents produced by the non-party again, to all parties, within ten (10) days after the non-party's production, with applicable portions thereof designated in the manner set forth in (a) or (a)(i) above (as appropriate).  Until the expiration of the ten day period, the non-party's entire production shall be treated as Confidential Information.  For avoidance of any confusion, any portions of the non-party's production which are not designated in the time and manner set forth in this subparagraph shall not be Confidential Information.

(b) *For deposition testimony*, by notifying all the other parties, in writing and within seven (7) days of receipt of the transcript, of the specific portions of the transcript so designated.  Until the expiration of the seven day period, the entire transcript shall be treated as Confidential Information. For avoidance of any confusion, all portions of the transcript not designated in the time and manner set forth in this subparagraph shall not be Confidential Information.

4.    If a producing party inadvertently produces any privileged document (including attorney-client or work product), or inadvertently fails to designate a document as a Confidential that should have been designated as Confidential, that party may, within ten days after actually discovering that such inadvertent production of a privileged document occurred, or that such inadvertent failure to designate as Confidential occurred, amend their discovery response and notify the receiving party(ies) that such document was inadvertently produced and should have been withheld, or that such document should have designated as Confidential.

Once the producing party provides such notice to the receiving party(ies), the receiving party(ies) must promptly: (1) as to a privileged document, return the specified document and any and all copies thereof; and (2) as to Confidential Information treat the document as Confidential Information. By complying with this obligation, the receiving party(ies) does not waive any right they have to challenge the assertion of privilege and/or designation of the document as Confidential and request an order of the Court denying such privilege and/or confidential designation.

5.     Confidential Information may only be used for purposes of preparation and trial of this action and evaluation of settlement issues and may only be disclosed to:

(a)     Employees, officers, shareholders, directors, and members of a party in this action;

(b)     Attorneys engaged or employed by Counsel of record for a party in this action and the attorneys' paralegals and supporting staff;

(c)     Expert witnesses and non-attorney consultants, and their employees, who are directly employed or retained in connection with this action by a party or a party's counsel, to the extent such disclosure is necessary for the prosecution, defense, or evaluation of settlement of this action;

(d)     Witnesses or deponents and their counsel, during the course of or in preparation for deposition or testimony in this action;

(e)     Court reporters and videographers of sworn proceedings;

(f)     Services engaged by a party or its counsel to photocopy, transcribe or image Confidential Information;

(g)     This Court and its personnel, and any facilitators and/or mediators appointed to serve in this action, or used by agreement of the parties in this action; and

(h)     Other persons to the extent the party who designated the Confidential Information at issue gives consent, which shall not be withheld unreasonably.

6.     Persons referenced in subparagraphs 4(a), (c), (d) and (e) shall be provided a copy of this Order before receiving Confidential Information and, by receiving Confidential Information, such persons agree to abide by the disclosure and use restrictions of this Order and to be subject to this Court's jurisdiction regarding the same.

7.     To the extent Confidential Information is submitted to the Court, it shall remain subject to the provisions of this Order and if filed, shall be filed under seal, labeled "Confidential, Subject to Protective Order," to be opened only by the Court and its staff.

8.     In addition to designating a document as "Confidential," a party may also designate Confidential Information "For Attorney Eyes Only."  Except upon the prior written consent of the producing party and the party which is the subject of the information, or upon further order of the Court, a document designated as

Confidential which is also designated as "For Attorney Eyes Only" may be shown, disseminated, discussed, or disclosed only to the following persons:

    (a)    Counsel of record in this action, other members of counsel's law firm, and any other counsel associated to assist in the preparation or trial of this action;

    (b)    Employees of counsel of record or of associated counsel who assist in the preparation or trial of this action;

    (c)    Outside experts and consultants retained by any party in good faith for the preparation or trial of this action, provided that no disclosure shall be made to any expert or consultant who is employed by a direct competitor of Chrysler or its subsidiaries or successors;

    (d)    Current or former employees or agents of the party or person who produced the document;

    (e)    Non-party deponents who are current or former employees or agents of the party or entity about whom the information or portion of the information in document relates;

    (f)    Stenographic reporters engaged for depositions or proceedings necessary to this action;

    (g)    Employees of outside copy services used to make copies of Confidential documents; and

    (h)    The Court and its staff.

9.    Regardless of any other provisions of this Order, this Order does not apply to a party's use or disclosure of its own Confidential Information, does not restrict the use or disclosure of Confidential Information obtained lawfully by a party independently of discovery in this action, and does not prohibit disclosure of Confidential Information to any person who the was the maker, author, addressee, or 'carbon copy' recipient of such Confidential Information.

8.     Any party to this action may apply to the Court to seek a ruling pertaining to this Order, which may include, without limitation, a modification of this Order, a ruling concerning its application, authority to use or disclose Confidential Information in a manner otherwise prohibited hereunder, or a determination of whether Discovery Material designated "Confidential" or "For Attorney Eyes Only" does or does not qualify for treatment as Confidential Information or For Attorney Eyes Only.  The proponent of treating material as Confidential Information or For Attorney Eyes Only shall bear the burden of proof that the restrictions for which it advocates are justified.  The parties agree to bring any issues concerning this Order to the attention of the Court in an expedited manner, which may include placing telephone conference calls to Chambers to resolve any disputes quickly.

9.     Upon final conclusion of this action and exhaustion or expiration of the time for any appeals, (i) the Confidential Information shall remain subject to this Order and (ii) within 30 days they shall be either returned to the producing party or, at the recipient's option, the recipient may provide a written certification to the designating party that all Confidential Information designated by that party has been destroyed, except that counsel of record for a party shall not be required to return or destroy Confidential Information saved in electronic format.

10.    If any party or counsel for a party receives a third-party subpoena or other form of legal process ("Legal Request") requesting disclosure of any Confidential Information, that party or counsel shall provide prompt written notice (which may be by email) of, together with a copy of, the Legal Request.  The party to whom the Legal Request was directed may produce the Confidential Information pursuant to the Legal Request beginning the eleventh (11th) day after providing the written notice, unless before that time the party who designated the Confidential Information at issue seeks legal protection for such Confidential Information in a court or tribunal of competent jurisdiction and provides actual written notice of the same to the party to whom the Legal Request was directed.

**DATED:  June 25, 2014**

s/Robert H. Cleland
UNITED STATES DISTRICT JUDGE

Approved as to Form and Content:

| **CHRYSLER GROUP LLC** | **CALLIDUS CAPITAL CORPORATION** |
|---|---|
| s/Matthew W. Heron | s/Michael R. Wernette (w/permission MWH) |
| John E. Berg (P40428) | Daniel J. Weiner (P32010) |
| Matthew W. Heron (P61501) | Michael R. Wernette (P55659) |
| CLARK HILL PLC | SCHAFER & WEINER PLLC |
| 500 Woodward Ave., Suite 3500 | 40950 Woodward Avenue, Suite 100 |
| Detroit, MI 48226 | Bloomfield Hills, MI  48304 |
| (313) 965-8300 | (248) 540-3340 |
| jberg@clarkhill.com | dweiner@schaferandweiner.com |
| mheron@clarkhill.com | mwernette@schaferandweiner.com |

**HARVEY INDUSTRIES, LLC and HARVEY INDUSTRIES DIE CASTING, LLC**


s/Mark A. Aiello (w/permission MWH)
Mark A. Aiello (P43012)
Nicholas J. Ellis (P73174)
Daljit Doogal
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
(313) 234-7100
maiello@foley.com
nellis@foley.com
ddoogal@foley.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 20, 2014, my assistant Chris Silva electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all of the parties of record.

Respectfully submitted:

CLARK HILL PLC

By: /s/ Matthew W. Heron
      John E. Berg (P40428)
      Matthew W. Heron (P61501)
      500 Woodward Avenue
      Suite 3500
      Detroit, Michigan 48226
      (313)965-8361
      jberg@clarkhill.com
      mheron@clarkhill.com

*Attorneys for Chrysler Group LLC*

Dated:  June 20, 2014