**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CALLIDUS CAPITAL CORP.,

    Plaintiff,

v.                                                                                    Case No. 14-10484

CHRYSLER GROUP, LLC,

    Defendant.
                                        /

**OPINION AND ORDER DIRECTING NON-PARTY DOEREN MAYHEW TO PRODUCE NON-PRIVILEGED DOCUMENTS SOUGHT AND TO FILE A PRIVILEGE LOG WITH THE COURT IN CONFORMITY WITH FRCP 45(e)(2)(A)**

Pending before the court is a Motion to Compel (Dkt. # 52) filed by Defendant Chrysler Group, LLC on May 4, 2016. For the reasons stated below, the court will instruct Doeren Mayhew to produce a privilege log so the court can adequately resolve the Motion.

**I. BACKGROUND**

The instant action arises out of a contract dispute between Plaintiff Callidus Capital Corporation ("Callidus") and Defendants Chrysler Group, LLC ("Chrysler"); Harvey Industries, LLC, and Harvey Industries Die Casting, LLC (collectively "Harvey"). (Dkt. # 1.) On or about October 17, 2014, Chrysler served Harvey's accountant, non-party Doeren Mayhew, with a subpoena seeking various categories of documents. (Dkt. # 52-2, Pg. ID 372, 373.) Less than two weeks later, Doeren Mayhew formally objected to the subpoena, arguing that many of the requested documents were protected by Michigan's accountant-client privilege statute, M.C.L. § 339.732, and that

compliance with the subpoena before Harvey indicated whether it would grant "written permission", as required by statute, would be unduly burdensome. (Dkt. # 34.)

Chrysler and Harvey entered into negotiations in an effort to "resolve or narrow the issues raised in Doeren Mayhew's Objections." (Dkt. # 52, Pg. ID 355; *see also,* Dkt. # 53, Pg. ID 467.)  In a subsequent email following the facilitation, Harvey conceded to Chrysler that it "does not believe the accountant client [sic] privilege applies to, and does not otherwise object to the production of" of those "[d]ocuments exchanged between Doeren and Chrysler that are otherwise responsive to Category 1 of the Subpoena," as well as those "[d]ocuments exchanged between Doeren and Callidus responsive to Category 2 of the Subpoena, to the extent those documents relate to Chrysler or 'Project Spearhead' and are not otherwise privileged." (Dkt. # 52-3, Pg. ID 374.)  Harvey has not conceded that the accountant-client privilege does not apply to the other documents requested.  Furthermore, Harvey has failed to provide Doeren Mayhew with the "written permission" asserted as necessary to disclose this information. (Dkt. # 53, Pg. ID 468.)  As a result, Chrysler filed this Motion to Compel. (Dkt. # 52.)

## II. STANDARD

The scope of discovery available to parties in a civil action is outlined Federal Rule of Civil Procedure 26.  As a general matter, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Discovery privileges, like the evidentiary privileges used at trial, are determined by the Federal Rules of Evidence.  Fed. R. Evid. 1101(c) ("The rule with respect to privileges applies at all stages of all actions, cases, and proceedings.").

Rule 501 specifies that

> The common law—as interpreted by United States courts in light of reason and experience—governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court. But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

Fed. R. Evid. 501.

Even if a party's discovery request is non-privileged and relevant, it will not be granted if it constitutes discovery abuse. The court must limit discovery, either on motion or of its own accord, in a number of circumstances. Fed. R. Civ. P. 26(b)(2)(C)(I). A court will likewise deny discovery if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii). Finally, discovery is not permitted when its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

### III. DISCUSSION

Doeren Mayhew argues that many of the documents sought are covered by the Michigan accountant-client privilege act. (Dkt. # 53, Pg. ID 468 (citing M.C.L. § 339.732).) This act prohibits accountants from disclosing their clients' records without their clients' express "written permission." The statute states:

> Except by written permission of the client or the heir, successor or personal representative of the client, a licensee, or a person employed by a licensee, shall not disclose or divulge and shall not be required to disclose or divulge information relative to and in connection with an

3

> examination or audit of, or report on, books, records, or accounts that the licensee or a person employed by the licensee was employed to make. Except as otherwise provided in this section, the information derived from or as the result of professional service rendered by a certified public accountant is confidential and privileged.

M.C.L. § 339.732. "Because this accountant-client privilege is in derogation of the common law, it is strictly construed, and the scope of the privilege is subject to a number of limitations and restrictions." *Riley v. Ameritech Corp., Inc.*, 147 F. Supp. 2d 762, 770 (E.D. Mich. 2001) (quoting *People v. Simon*, 174 Mich. App. 649, 658 (1989)). For example, Michigan courts have held that "the statute applies only to confidential information passed from client to accountant." *In re the Estate of Martin*, No. 204854, 1998 Mich. App. LEXIS 789, *9 (Mich. Ct. App. May 4, 2016).

The Federal Rules of Civil Procedure state that a party "withholding subpoenaed information under a claim that it is privileged . . . *must* (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable to parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A) (emphasis added). No Rule 45 privilege log has been generated here. Doeren Mayhew's failure to comply makes it impossible for the court (or the parties) to determine if Michigan's accountant-client privilege applies to the any or all of the disputed documents. In fact, it appears that Doeren Mayhew has not even "started gathering and reviewing documents in its possession or control" to determine which fall outside the bounds of the protection of Michigan law. (Dkt. # 52, Pg ID 364 (citing Dkt. 52-4).)

It is undisputed that at least some of the files requested—those "documents, communications and writings" Doeren Mayhew "exchanged with" either Chrysler or

4

Callidus relating to any of the parties in this action—fall outside the scope of the asserted privilege. (Dkt. # 52-2, Pg. ID 372; *see also* Dkt. # 52-3; Dkt. # 53, Pg. ID 471 ("Doeren Hayhew concedes that some documents sought by the subpoena may not be privileged.").) Harvey's former attorney conceded as much in an email to Chrysler following mediation, stating:

> Per our call this afternoon, in connection to Chysler's subpoena to Doeren Mayhew ("the Subpoena"), this email will confirm that Harvey does not believe the accountant client [sic] privilege applies to, and does not otherwise object to production of:
>
> 1 – Documents exchanged between Doeren and Chrysler that are otherwise responsive to Category 1 of the Subpoena.
>
> 2 – Documents exchanged between Doeren and Callidus responsive to Category 2 of the Subpoena, to the extent those documents relate to Chrysler or "Project Spearhead" and are not otherwise privileged.

(Dkt. # 52-3, Pg. ID 374.) Despite these concessions, Doeren Mayhew now argues that creating a privilege log and categorizing the documents in his control as privileged or non-privileged would create an undue financial burden. (Dkt. # 53, Pg. ID 471-72.) Specifically, it argues that it "should not be required to shoulder the expense of searching for, compiling and producing these documents" when it would be easier to obtain them from the parties. (*Id.* at Pg. ID 472.) The court is unpersuaded.

In light of Harvey's insolvency and lack of counsel, it is not at all clear that it would be easier or less burdensome to obtain the files sought from the parties.[1]

---

[1] The court also notes that Doeren Mayhew has failed to specifically articulate why requiring it to produce the documents sought under the subpoena would result in "[i]nefficiency and unnecessary burden and cost," (Dkt. # 53, Pg. ID 473), especially in light of the fact that Chrysler "has already offered to assist Doeren Mayhew by providing key-word search terms, names of likely custodians of records, copy services, and e-discovery support . . . to facilitate its production process", (Dkt. # 52, Pg. ID 365-66).

Furthermore, because Doeren Mayhew is asserting the accountant-client privilege, it will ultimately need to conduct the very search and categorization of documents it now seeks to avoid. "The burden of establishing privilege rests with the person asserting it." *In re Grand Jury Investigation No. 83-2-25*, 723 F.2d 447, 450 (6th Cir. 1983). Although not expressly required, "[a] privilege log has become an almost universal method of asserting privilege under the Federal Rules." *Caudle v. District of Columbia,* 263 F.R.D. 29, 35 (D.D.C. 2009); *see also Avis Rent A Car System, LLC v. City of Dayton,* No. 12-399, 2013 WL 3781784, at *8 (S.D. Ohio July 18, 2013).

"Failure to comply with the privilege log requirement does not automatically constitute a waiver of the privilege." *Sawgrass Sys., Inc. v. BASF Aktiengesellschaft,* No. 99-70242, 1999 WL 358681, at *5 (E.D. Mich. Feb. 26, 1999). Absent evidence of bad faith or dilatory delay tactics, a measured response is more appropriate. *See, e.g.,* 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2016.1 (3d ed. 2016). Accordingly, the court will provide Doeren Mayhew an opportunity to provide the necessary log so that the court and parties may better assess the asserted privilege.

### III. CONCLUSION

IT IS ORDERED that Doeren Mayhew is DIRECTED to provide Chrysler with all non-privileged documents with **twenty-one days.**

IT IS FURTHER ORDERED that Doeren Mayhew is to FILE with the court a privilege log in accordance with Federal Rule of Civil Procedure 45(e)(2)(A) as to any document, file, or communication within the scope of the Subpoena currently withheld from Chrysler as privileged within **twenty-one days**. Failure to comply with this Order will be construed as abandoning the claim of privilege. An order granting Chrysler's pending Motion to Compel (Dkt. # 52) would follow.

However, should Doeren Mayhew obtain the aforementioned written permission from Harvey before this deadline, it should consider this aspect of the order moot and should provide Chrysler with the remainder of the documents sought.

The court will CONVENE a telephonic status conference on **September 1, 2016 at 10:00 a.m.** to discuss the remaining issues in this case.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  August 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 2, 2016, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522