# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CALLIDUS CAPITAL CORPORATION,

    Plaintiff,

v.                                                                    Case No. 14-10484

FCA GROUP, f/k/a, CHRYSLER GROUP LLC,

    Defendant.

_____/

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, AND DENYING PLAINTIFF'S MOTION TO COMPEL

Plaintiff Callidus Capital Corporation ("Callidus") objects to the order ("order") of Magistrate Judge David R. Grand (Dkt. # 100) that this court deny Plaintiff's Motion to Compel. (Dkt. # 84.) Plaintiff filed five objections (Dkt. # 101). Non-party Gibbs Dies Casting Corporation filed a Notice of Joinder/Concurrence in Plaintiff's objections. (Dkt. # 105.) Defendant Chrysler Group LLC, d/b/a, Fiat Chrysler Automotive ("FCA") filed a response (Dkt. # 104). Non-parties Linamar USA Inc. and Admiral Tool & Manufacturing Co. filed responses to Plaintiff's objections (Dkt. # 103, 106.) The court will overrule Plaintiff's objections, and deny Plaintiff's motion for the reasons stated below and in the well-reasoned order of Judge Grand.

## I. BACKGROUND

Judge Grand's order provides a detailed and accurate account of the relevant background facts. The court will presume familiarity with the order. (Dkt. # 100, Pg. ID 5217-20.)

## II. STANDARD

The filing of timely objections to a Magistrate Judge's order regarding a nondispositive motion requires the court to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "Clear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). The court may not reverse the finding of the Magistrate Judge "simply because it is convinced that it would have decided the case differently." *Kerman v. C.I.R.*, 713 F.3d 849, 867 (6th Cir. 2013) (citing *Anderson*, 470 U.S. at 573).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## III. DISCUSSION

The scope of discovery available to parties in a civil action is outlined in Federal Rule of Civil Procedure 26. As a general matter, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Even if a party's discovery request is non-privileged and relevant, it will not be granted if it constitutes discovery abuse. The court must limit discovery in a number of circumstances. Discovery is not permitted when "[it] is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i-ii). Discovery is further prohibited when its burden or expense outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(iii). When any of these circumstances arise, the court must limit discovery "[o]n motion or on its own." Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 16 pertaining to pleadings and motions governs pretrial conferences, scheduling, and case management. Pursuant to Rule 16, the court "must issue a scheduling order," which must contain a "limit [on] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(1) & (3). "A schedule may be modified only for good cause and with the judge's

consent." *Id.* at 16(b)(4). "On motion or on its own, the court may issue any just orders" if a party or its attorney fails to obey a scheduling or other pretrial order. *Id.* at 16(f)(1)(C).

Federal Rule of Civil Procedure 45 concerns trials and subpoenas and states in relevant part,

> (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection . . .
>
> If an objection is made, the following rules apply:
>
> (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
>
> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed. R. Civ. P. 45 (d)(2)(B)(i).

This court's Practice Guidelines state "Generally, counsel will have about four months discovery for simple cases, about six months for standard cases, and about nine months for unusual or complex cases." (*See Discovery (ii)* Judge Cleland's Practice Guidelines.) The original scheduling order for *this* case states, "Extensions of court-supervised discovery are not ordinarily granted in the absence of unusual circumstances." (Dkt. # 16, Pg. ID 66.) The amended scheduling order for this case states, "The deadline for completing (not simply scheduling court-supervised discovery) is January 23, 2017." (Dkt. # 65.)

Federal Rule of Civil Procedure 37 concerns a party's failure to make a disclosure or to cooperate in discovery. The Rule allows a party to "move for an order compelling disclosure or discovery" generally and also specifically allows a party to compel disclosure by another party who has failed "to make a disclosure required by Rule 26(a)." Fed. R. Civ. P. 37(a)(1) & (3)(B).

"The scope of discovery is, of course, within the broad discretion of the trial court. An order denying further discovery will be grounds for reversal only if it was an abuse of discretion resulting in substantial prejudice." *Pearce v. Chrysler Grp., LLC Pension Plan*, 615 F. App'x 342, 350 (6th Cir. 2015) (quoting *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir.1998). "A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery." *Glob. Fleet Sales, LLC v. Delunas*, No. 12-15471, 2016 WL 2342319, at *1 (E.D. Mich. May 4, 2016) (quoting *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000) and (citing *Craig-Wood v. Time Warner N.Y. Cable LLC*, 549 F. App'x 505, 508 (6th Cir. 2014) ("In general, a district court does not abuse its discretion by denying an untimely motion to compel that violated unambiguous discovery deadlines.").)

Plaintiff raises five objections to the Magistrate Judge's order denying its motion to compel Defendant and certain third-parties to produce documents requested in various subpoenas. Plaintiff objects on the basis that (1) FCA has no standing to object to the subpoenas to third-parties; (2) Third-party Linamar did not object to Plaintiff's subpoena; (3) The order enforces a non-existent deadline for filing motions to compel;

5

(4) The order fails to find that granting the motion to compel will prejudice Defendant or the third-parties; and (5) Plaintiff's delay in filing the motion to compel was reasonable under the circumstances. (*See generally* Dkt. # 101.) All but one of Plaintiff's "objections" (#1, 2, 3, & 5) are arguments from Plaintiff's motion to compel and related reply brief, which Judge Grand considered and rejected. (*Compare* Dkt. # 84, Pg. ID 4412-13 and Dkt # 95, Pg. ID 5140 *with* Dkt. # 101.) These are not allegations of legal error, but rather an attempt to re-litigate the issues and persuade this court to decide the matter differently. Nonetheless, the court has reviewed each of Plaintiff's objections and finds no error in the order.

### A. FCA's standing to object to Plaintiff's subpoenas is immaterial

Plaintiff asserts that the order errs because it fails to consider that Defendant FCA has no standing to challenge third-party subpoenas. The order was not required to address this allegation because its resolution is immaterial to the court's decision.

Standing is a jurisdictional doctrine with Constitutional and prudential requirements. *See Planned Parenthood Ass'n of Cincinnati, Inc. v. City of Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987). First, the court can decide only cases or controversies, which requires an injury that can be redressed by a court order. *Id.* Second, a person can assert only his own legal rights as afforded by the law in question. See *McGlone v. Bell*, 681 F.3d 718, 729 (6th Cir. 2012). The legal theory that a party has no standing to challenge a subpoena of a third-party's records absent a claim of privilege is grounded on the assumption that no personal right of the

6

challenging party is otherwise at stake.

Whether an opposing party has standing to object to a subpoena under Rule 45 is irrelevant to whether a party may obtain a court order to compel discovery pursuant to Rule 26(b)(1) or Rule 37. Unlike all of the authorities cited by Plaintiff, Defendant has not challenged the subpoenas at issue by filing a motion to quash pursuant to Rule 45(d)(2)(B).[1] Rather Defendant has filed a brief in opposition to Plaintiff's motion to compel. Plaintiff has asserted entitlement to disclosure of the documents under discovery Rules 26(b)(1) and 37. (*See* Dkt. # 84, Pg. ID 4395.) Defendant may challenge "the timeliness of the [third-party] discovery sought and the relevance of the discovery" pursuant to Rule 26, which is distinct from a challenge to the "appropriateness of the discovery" under Rule 45. *See Thorn v. Novartis Pharm. Corp.*, No. 11-373, 2013 WL 6499473, at *2 (E.D. Tenn. Dec. 11, 2013).

Moreover, Defendant's inability to object to the subpoenas or to obtain a court order to quash the subpoenas does not inherently entitle Plaintiff to production of the documents sought. Plaintiff has to meet its independent burden to show entitlement to the documents under the discovery rules. To that end, the court must conduct its own analysis of whether Plaintiff has met that burden. "A subpoena issued under Rule 45 is subject to the general relevancy standard applicable to discovery under Rule 26(b)(1) ."

---

[1] Only one of the cases cited by Plaintiff involves a motion to compel as opposed to a motion to quash, and that case—*Jones v. Wet Seal Retail, Inc.*, 245 F.R.D. 724, 726 (D. Kan. 2007)—says nothing of a party's standing to oppose a motion to compel.

*Vamplew v. Wayne State Univ. Bd. of Governors*, No. 12-14561, 2013 WL 3188879, at *2 (E.D. Mich. June 20, 2013) (quoting *Syposs v. U.S.A.*, 181 F.R.D. 224, 226 (W.D.N.Y.1998)) (internal quotation omitted). "[T]he scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (quoting *Barrington v. Mortage IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007)). Therefore, this court must consider whether the subpoenas' requests are "overly broad or seek[] irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production." *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003). The court has inherent authority over discovery regardless of the arguments raised by the parties. Indeed, the court must deny *on its own accord* discovery requests that are unreasonably cumulative, more burdensome than beneficial, or come after the party seeking discovery has had ample opportunity to obtain the information. Fed. R. Civ. P. 26(b)(2)(C)(i-iii). The court must also limit the time to complete discovery and can extend that time only for good cause irrespective of the parties' requests. Fed. R. Civ. P. 16(b).

     The order properly concludes that Plaintiff's motion "is excessively tardy" being filed seven months after the close of discovery and "[n]owhere has [Plaintiff] demonstrated good cause for such an extreme delay." (Dkt. # 100, Pg. ID 5221-22.) Plaintiff has not identified any error of law, most certainly not one that leaves the court with a "definite and firm conviction that a mistake has been committed." *Max Trucking,*

*LLC*, 802 F.3d at 808.

Plaintiff additionally asserts without support or explanation that the third-parties' incorporation of Defendant's arguments into their own objections to the subpoenas is insufficient. (Dkt. # 101, Pg. ID 5234, n 1.) Apparently, Plaintiff would rather have the third-parties copy-and-paste or rephrase and repeat Defendant's exact arguments in their own briefing. The court finds no special benefit to such a mechanical exercise that would consume additional time and resources. Plaintiff's first objection will be overruled.

### B. Linamar's failure to object to Plaintiff's subpoena is immaterial

Plaintiff objects and argues that, at a minimum, "Linamar failed to respond or object to the Linamar Subpoena, and that Liminar [sic] must therefore be compelled to produce the documents requested." (Dkt. # 101, Pg. ID 5236-37.) Plaintiff's second objection to the order fails for reasons similar to those that were fatal to its first. Linamar's failure to file an objection does not, in itself, entitle Plaintiff to a court order for production. Plaintiff remains constrained by the Federal Rules of Civil Procedure, by which, the court finds, it has failed to abide for all of the reasons discussed herein.

Moreover, Linamar informed Plaintiff's counsel multiple times that it supported FCA's objections, (Dkt. # 90 Pg. ID 5121), and Plaintiff admits that "Linamar's counsel indicated that Linamar would not produce documents unless the [FCA] Objection was resolved." (Dkt. # 84, Pg. ID 4413); *see Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 137 (S.D. Ohio 1999) (holding that the failure to file written objections to a subpoena was excused in part due to "the ongoing communication between counsel for

9

[third-party subpoenaed] and [Plaintiff] concerning [third-party]'s objections to the [Plaintiff]'s repeated document requests).

Linamar also asserts that the "inaccuracies and overbreadth" of Plaintiff's requests "made them, in effect, impossible to comply with" and Linamar could have "responded with no responsive documents." (Dkt. # 103, Pg. ID 5334.) Judge Grand adequately considered these facts and did not err in concluding that Plaintiff is not entitled to the requested discovery this late in the case.

### C. Court-supervised discovery includes motions to compel

Plaintiff next objects because the order allegedly imposed a non-existent deadline on the time to file a motion to compel and used the passing of that deadline as an improper reason to deny Plaintiff's motion. Contrary to Plaintiff's assertions, the order is exactly right. (Dkt. # 101, Pg. ID 5237.) This court's scheduling order unambiguously set a deadline to obtain a court order for discovery. The scheduling order states, "The deadline for completing (not simply scheduling court-supervised discovery) is January 23, 2017." (Dkt. # 65.) The Oxford English Dictionary defines "supervise" as to "[o]bserve and direct the execution of (a task or activity)," "to "[o]bserve and direct the work of (someone)," or to "[k]eep watch over (someone) in the interest of their or others' security." The simple substance of the provision is the recognition that parties will sometimes agree to continue discovery efforts beyond court-imposed deadlines, and that so long as it changes no timelines and requires no additional managerial effort on the part of the court, the parties may not consider themselves time-bound by such

10

deadlines.

But, if Plaintiff intended for the court to supervise, and "direct the execution" of discovery responses, or "to direct the work of" Defendant through an order to compel production of documents, then Plaintiff needed to file a request and obtain such an order within the timeframe allotted. As indicated above, the scheduling order specifically provides that although "unsupervised discovery is sometimes agreed to among counsel, court deadlines are not changed based upon mere agreement." (Dkt. # 16, Pg. ID 66.)

The conclusion should be clear: discovery issues comprehending disagreement that requires court assistance or intervention—i.e., supervision—must occur well before the court's announced deadline.

Plaintiff argues that the failure to include a deadline for nondispositive motions in Section 7 "Motion Guidelines" of the scheduling order, which concerns the "Timing of Filing," demonstrates that there is no deadline for court-ordered discovery. (Dkt. # 101, Pg. ID 5237, n 3.) In contrast, Plaintiff's observation serves to confirm the order's conclusion. The deadline for discovery motions is set in Section 3 of the scheduling order entitled "Discovery Deadline." To include it again in Section 7 which discusses dispositive motions, would be confusing and superfluous. The Magistrate Judge did not err in concluding that Plaintiff's motion is "excessively tardy" in light of the scheduling order, or in taking that conclusion into account in his decision to deny Plaintiff's motion. (Dkt. # 100, Pg. ID 5221-22.)

11

Federal Rule of Civil Procedure 45 does not save Plaintiff's cause. Rule 45 allows a party, *at any time*, to file a motion to compel the production of subpoenaed documents. Fed. R. Civ. P. 45(b)(2)(B)(ii). However, nothing in the rule requires the court to grant the motion. In reviewing the motion, the court may rightly consider whether the motion was timely filed, in accordance with the case scheduling order, and if not, whether there is good reason for the untimeliness. *See* Fed. R. Civ. P. 26(b)(2)(C)(i-ii) (allowing the court to consider whether "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"); Fed. R. Civ. P. 16(f)(1)(C) (allowing the court to issue any just order when a party fails to obey a scheduling order's requirement); *see also Doe 1 v. Anderson*, No. 15-13852, 2017 WL 4941467, at *14 (E.D. Mich. Nov. 1, 2017) (subjecting a motion to compel documents subpoenaed under Rule 45 to the standards contained in the remainder of the discovery rules, including Rule 26). Plaintiff's objection will be overruled.

**D. The court is not required to find prejudice before denying a motion to compel**

Plaintiff objects to the order because it does not explicitly find that granting Plaintiff's motion would prejudice Defendant and the third-parties. Once again, Plaintiff presents the various legal standards inappositely. While prejudice to the opposing party may be one factor that weighs against granting a motion to compel, the court is not required to find prejudice to the non-moving party or any entity in order to deny such a motion. Indeed, the discovery rules are replete with instances permitting or even requiring denial of discovery commands with no mention of prejudice. *See* Fed. R. Civ.

P. 26(b)(2)(C)(i-ii) (stating that the court must deny a discovery request when it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"). The order does not err by failing to make a finding of prejudice. Plaintiff's objection will be overruled.

### E. Plaintiff's delay was not reasonable

Plaintiff's final objection is that the order improperly concludes that Plaintiff's delay in filing its motion was unreasonable when in fact, it was reasonable under the circumstances. Plaintiff cites no error of law, but rather presents again the same arguments presented, considered, and rejected by Judge Grand. Plaintiff is essentially attempting to convince this court to allow a second bite, and to "decide[] the case differently," *Kerman*, 713 F.3d at 867. Furthermore, the court approves the order's reasoning. Plaintiff's motion to compel was filed after the close of discovery, after the filing of full briefing on cross-summary judgment motions, and after the filing of supplemental briefing on those cross-motions. (*See* Dkt. # 73.) The scheduling order has been amended four times in this case and the discovery deadline has been extended five times changing from an initial deadline of August 8, 2014 to the most recent deadline of January 23, 2017. (*See* Dkt. # 16, 29, 46, 55, 59, & 65.) Plaintiff should have had ample time to try voluntarily to resolve its discovery disputes with Defendant and the third-parties, or to timely file a motion to compel if such discussions

13

proved unsuccessful. The order's conclusion that Plaintiff's delay was unreasonable is not clearly erroneous. Plaintiff's objection will be overruled.

## F. The Relevancy of the Discovery

One final portion of the order worthy of discussion—one to which Plaintiff does not object—is Judge Grand's recognition that Plaintiff's "allegations that [FCA] acted in bad faith and committed the first material breach are not raised in [Plaintiff's] amended complaint (Doc. #50) nor in FCA's affirmative defenses. (Doc. #51)." (Dkt. # 100, Pg. ID 5225, n. 4.) Plaintiff itself seems to have floundered on whether the sought discovery is relevant to one of its claims, first arguing that the documents sought are "not only relevant, they are critical to [Plaintiff's] claim that [FCA] materially breached the [Agreement] and has been unjustly enriched." (Dkt. # 84, Pg. ID 4416.) But now arguing "the discovery has nothing to do with the issues on summary judgment," (Dkt. # 101, Pg. ID 5244, n. 7), and are only necessary "to prepare for trial." (*Id.* at 5244.) Because these documents are not relevant to its claims on summary judgment, Plaintiff asserts, Defendant will not be prejudiced by their production despite that cross-dispositive motions have been fully briefed twice-over.

The subpoena makes the following document requests:

Subpoenaed Documents:

1. Any and all tooling purchase orders issued to Company from [FCA] in 2012 or 2013 related to one or both of the Parts.

2. Any and all production purchase orders issued to Company from [FCA] in 2012 or 2013 related one or both of the Parts.

14

> 3. Any and all letters of intent issued to Company by [FCA] in 2012 or 2013 related to tile one or both of the Parts or any associated tooling.
>
> 4. Any and all capacity reservation agreements (or other agreements related to the reservation of capacity in favor of [FCA]) entered into with [FCA] in 2012 or 2013 related to one or both of the Parts or any associated tooling.
>
> 5. Any and all releases issued to Company from [FCA] in 2012 or 2013 related to the one or both of the Parts.
>
> 6. Any tooling kick off documents issued to Company from [FCA] in 2012 or 2013 related to one or both of the Parts or any associated tooling.
>
> 7. Any and all source packages received by Company in 2012 or 2013 related to one or both of the Parts or any associated tooling.
>
> 8. Any and all communications between Company and [FCA] dated between October 1, 2013, and November 30, 2013.
>
> 9. Any and all communications between Company and [FCA] that are dated within thirty days prior to, or thirty days after the date of any tooling purchase order issued to Company from [FCA] related to one or both of the Parts or any associated tooling.

(Dkt. # 89-2, Pg. ID 4682-83.) The subpoenaed documents all concern FCA's communications and activities with alternative part suppliers. The contract at issue here prohibited FCA from transferring its part production to an alternative supplier. (*See* Dkt. # 75-9. Pg. ID 2046.) Perhaps then, the sought discovery would be relevant to Plaintiff's breach of contract claim. However, as recognized in the order, the contract did not prohibit FCA from taking steps to prepare for transfer (referred to as "resourcing" under the contract), which included any action that FCA deemed necessary or useful, in its sole discretion, and without limitation, activities such as: "(i) discussing and negotiating

15

agreements with an alternative supplier(s) relating to Component Part production; and (ii) purchasing sample or prototype Component Parts from an alternative supplier(s)." (*See Id.*; Dkt. # 100, Pg. ID 5225 n. 4.) Thus, the sought discovery may not be relevant to Plaintiff's breach of contract claim.

In any event, Plaintiff faces a lose-lose situation. If the documents are not "relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), as Plaintiff presently seems to assert, then they are not discoverable. However, if they are relevant, then their discovery would almost certainly disrupt the court's resolution of the currently pending dispositive motions. Judge Grand considered the complexity of this issue and properly concluded that Plaintiff's motion to compel should be denied.

## IV. CONCLUSION

Having reviewed the cogently reasoned order, the court finds no clear error. The court agrees with the result reached as well as the stated reasoning. Accordingly,

IT IS ORDERED that Plaintiff's objections (Dkt. # 101) are OVERRULED and Plaintiff's motion to compel (Dkt. # 84) is DENIED.

                s/Robert H. Cleland  
                ROBERT H. CLELAND  
                UNITED STATES DISTRICT JUDGE

Dated: March 30, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 30, 2018, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522